[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10257
Non-Argument Calendar

_____

D.C. Docket No. 6:17-cr-00104-PGB-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SCOTT FOSTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 20, 2018)

Before TJOFLAT, MARCUS and JULIE CARNES, Circuit Judges.

PER CURIAM:

Scott Foster appeals his 180-month sentence after pleading guilty to one

count of coercion and enticement of a minor, in violation of 18 U.SC. § 2422(b).

On appeal, Foster argues that his sentence, which was 60 months above the

Guideline range, was substantively unreasonable because the district court mainly considered its policy disagreement with the Sentencing Guidelines for child-enticement cases.  After careful review, we affirm.

We review the substantive reasonableness of a sentence, regardless of whether the sentence imposed is inside or outside the Guidelines range, under a deferential abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'"  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008) (quoting Gall, 552 U.S. at 51).  The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1]  The court must consider all of the § 3553(a) factors, but it may give greater weight to some factors over others -- a decision that is within its sound discretion.  United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015).  However, a sentence may be substantively unreasonable when a court unjustifiably relies on any single § 3553(a) factor, fails to consider pertinent § 3553(a) factors,

---

[1]     The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

bases the sentence on impermissible factors, or selects the sentence arbitrarily. Pugh, 515 F.3d at 1191-92. A sentence that suffers from one of these symptoms is not per se unreasonable; rather, we must examine the totality of the circumstances to determine the sentence's reasonableness. Id. at 1192. "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). In determining how much weight to assign a particular factor, the district court should consider the individualized facts of the case and not just the "guidelines label" that can be put on those facts. Rosales-Bruno, 789 F.3d at 1260.

If the court varied from the Guideline range after weighing the § 3553(a) factors, we "may not presume that [the] sentence . . . is unreasonable and must give due deference to the district court's decision . . . ." United States v. Irey, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc) (quotation omitted). Nor is there any requirement that there be extraordinary circumstances justifying a variance. Gall, 552 U.S. at 47. The district court is free to consider any information relevant to a defendant's background, character, and conduct in imposing an upward variance. United States v. Tome, 611 F.3d 1371, 1379 (11th Cir. 2010) (citing 18 U.S.C. § 3661). Further, the district court may rely on factors in imposing a variance that

the Sentencing Guidelines already take into consideration.  United States v. Rodriguez, 628 F.3d 1258, 1264 (11th Cir. 2010).  The fact that an above-Guideline sentence is nonetheless significantly below the statutory maximum is a further indicator of reasonableness.  See United States v. McKinley, 732 F.3d 1291, 1299 (11th Cir. 2013) (affirming a 125-month sentence in part because it was well below the 20-year statutory maximum); see also United States v. Brown, 772 F.3d 1262, 1265-68, 1267 n.3 (11th Cir. 2014) (upholding a 240-month sentence for receipt and possession of child pornography where the recommended Guidelines range was 78 to 97 months' and the statutory maximum was 30 years' imprisonment).  We will vacate a sentence only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  Irey, 612 F.3d 1190 (quotation omitted). The party challenging the sentence bears the burden to show it is unreasonable.  Tome, 611 F.3d at 1378.

A district court should treat the Guidelines as the starting point for its sentencing analysis, and it must give them "respectful consideration."  United States v. Docampo, 573 F.3d 1091, 1105 (11th Cir. 2009) (quotation omitted).  "[A] district court's decision to vary from the advisory Guidelines may attract greatest respect when the sentencing judge finds a particular case outside the

4

'heartland' to which the Commission intends individual Guidelines to apply." Kimbrough v. United States, 552 U.S. 85, 109 (2007) (quotation omitted). Alternatively, when the district court varies based solely on its view that the Guideline range fails adequately to reflect the § 3553(a) factors even in a "mine-run case," a "closer review" may be appropriate. Id.  This does not mean, however, that a district court's decision to vary based on policy grounds alone is per se unreasonable. Spears v. United States, 555 U.S. 261, 263-65 (2009).

Here, Foster has not met his burden of showing that his 180-month sentence was substantively unreasonable.  As the record reveals, the district court clearly articulated its reasons for imposing a 60-month upward variance and those reasons were sufficiently compelling to support the variance.  Brown, 772 F.3d at 1268. Using the Guideline sentence as its starting point, the court said that it had given the Guidelines their due consideration, but that the sentencing factors indicated that a more severe sentence was warranted.  Docampo, 573 F.3d at 1105.  After it noted the importance of weighing the statutory factors, the court engaged in a detailed discussion of several factors -- including the seriousness of the offense, the need for deterrence, and the need to protect the public from future harm.  In deciding that the factors justified an upward variance, the court considered the specific, individualized facts from Foster's case.  Rosales-Bruno, 789 F.3d at 1260.

5

In particular, the court reviewed Foster's communications with the undercover task force officer, which included graphic descriptions of the grooming and sexual acts that he wanted to perform on the notional 12-year-old child and his other emails about the sadistic acts he wished to perform on a 10-year-old child. The court further recognized that Foster had been given ample opportunities to change his mind, but Foster did not withdraw his participation and there was a chance that, had it not been an undercover operation, he would have engaged in sex with a 12-year-old child. The court added that Foster used his phone call with the notional child to groom her. The court determined that the seriousness of the conduct that Foster was willing to engage in required punishment more substantial than the Guideline sentence suggested. The court also highlighted certain aspects of Foster's conduct -- namely his relationship with his family and his use of Craigslist and not the dark web -- that merited a lower sentence than some other defendants in other child-enticement cases. The court was entitled to base its decision to vary on particular aspects of Foster's conduct even though the Guidelines, through offense level increases, purportedly reflected those aspects already. Rodriguez, 628 F.3d at 1264.

When the court engaged in a discussion of the mandatory minimum, it observed that Congress had "gotten it right when they imposed a serious minimum sentence and a very serious maximum sentence for those cases that warrant [it]." It

then selected a sentence above the minimum but well below the statutory maximum. McKinley, 732 F.3d at 1299. The record also reveals that while the district court said that it did not believe that the Guidelines were appropriate in this type of case and that the statutory scheme adopted by Congress was more appropriate, it did not decide to vary from the Guideline sentence solely or even primarily because of this belief. Rather, the court specified that it had considered the Guideline range and chose to reject it in this particular case. So even though the court made no explicit finding that this case was "outside the heartland" of typical child-enticement cases, there is no requirement for the court to do so. Kimbrough, 552 U.S. at 109.

As for Foster's argument that his sentence was 2.5 times the advisory Guideline, it was not. The Guidelines provide that, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). Thus, the 120-month mandatory minimum Guideline sentence was the district court's starting point, 18 U.S.C. § 2422(b) (setting a mandatory minimum sentence of 120 months' imprisonment), and the court decided to vary upward from the starting point based on Foster's conduct.

Finally, Foster argues that the district court in his case had a history of imposing unreasonable sentences -- sentences above the mandatory minimum -- in

7

enticement cases because it believes that the Guidelines for enticement cases are inadequate. While the district court may have imposed upward variances in certain other child-enticement cases, Foster has not shown that the district court failed to make an individualized determination in imposing a sentence in his case. Tome, 611 F.3d at 1378; Rosales-Bruno, 789 F.3d at 1260. To the contrary, the different sentences in this case and others reflect that the district court does not merely vary upward because of a policy disagreement with the child-enticement Guidelines but, instead, decides, based on the records and application of the § 3553(a) factors, an appropriate sentence in each case.

In short, the district court did not commit a clear error of judgment in balancing the proper facts and therefore did not abuse its discretion. Irey, 612 F.3d at 1189. We affirm Foster's 180-month sentence.

**AFFIRMED**.